## HUGHES & RAY v. MITCHELL COUNTY.

(Filed 5 December, 1928.)

**Evidence—Parol or Extrinsic Evidence Affecting Writings—Explaining Written Contract.**

   In this action to recover profits prevented by the alleged breach of contract by a county for the construction of a public highway: *Held,* the written contract was sufficiently ambiguous to admit of parol evidence not contradictory thereof, and that plaintiff was estopped by accepting final payment thereunder. As to construction of the contract by the engineer, see *Lacy v. State,* 195 N. C., 284.

APPEAL by plaintiffs from *Finley, J.,* at July Term, 1928, of MITCHELL. No error.

Action to recover for loss of profits, resulting from breach of contract, by which plaintiffs agreed to grade, build and improve a certain highway in Mitchell County, approximately eleven miles in length. De-

fendant agreed to pay plaintiffs for work done on said highway in accordance with a scale of "unit prices" set out in said contract, which is in writing. The quantity of work of various kinds to be done by plaintiffs is not fixed by the terms of said contract.

It is alleged in the complaint that defendant, in breach of said contract, refused to permit plaintiffs to do all the concrete work, and all the rubble masonry, which they had contracted to do, and that by reason of such refusal plaintiffs had suffered damages by the loss of profits. This allegation is denied in the answer.

The issue submitted to the jury was answered as follows: "What amount, if anything, are plaintiffs entitled to recover of defendant? Answer: Nothing."

From judgment on the verdict plaintiffs appealed to the Supreme Court.

*Morgan & Ragland for plaintiffs.*
*S. J. Black, McBee & Berry and Chas. E. Greene for defendant.*

PER CURIAM. It is admitted that defendant has paid plaintiffs in full for all work done by them under the contract, in accordance with the scale of prices set out therein.

In this action plaintiffs seek to recover of defendant profits which they allege they would have made, if they had been permitted by defendant to do all the concrete work and all the rubble masonry required for the construction of the highway which plaintiffs agreed to grade, build and improve. Defendant contends that the contract did not include concrete work and rubble masonry required for the construction of bridges on said highway, and that therefore it did not breach said contract when it contracted with a third party for the construction of said bridges. The decision of the controversy between plaintiffs and defendant involves primarily a construction of the contract between them, which is in writing.

The evidence submitted to the jury, subject to the exceptions of plaintiffs, did not tend to add to, alter, vary or contradict the terms of the written contract. The admission of this evidence did not violate the well settled principle stated in *Thomas v. Carteret County,* 182 N. C., 374, 109 S. E., 384, and in many other cases. The evidence was competent for the purpose of showing, as it tended to do, that at the time they entered into the contract, and while they were engaged in its performance, plaintiffs knew that the contract did not include the work which they now contend was included therein. There is sufficient ambiguity and indefiniteness in the language of the written contract, with respect to the quantity of work of various kinds to be done by plaintiffs, under

the contract, to make extrinsic evidence competent upon the issue sub-mitted to the jury upon the trial of this action. *Lewis v. Nunn*, 180 N. C., 159, 104 S. E., 470.

There was evidence also tending to show that plaintiffs are precluded from making the contention upon which this action is founded by the construction of the contract made by the engineer, *Lacy v. State*, 195 N. C., 284, 141 S. E., 886, and also by their acceptance of a voucher in payment for the final estimate. *DeLoache v. DeLoache*, 189 N. C., 394, 127 S. E., 419.

Plaintiffs' assignments of error on their appeal to this Court cannot be sustained. The judgment is affirmed.

No error.